ELIZABETH A. STRANGE
~~JOHN S. LEONARDO~~
Acting United States Attorney
District of Arizona
RYAN P. DEJOE
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: ryan.dejoe@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | CR 16-1255-010-TUC-JAS (DTF) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Dania Celaya Rivera, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to Count Seven of the Indictment, which charges the defendant with felony violations of 18 U.S.C. § 1956(h), Conspiracy to Launder Monetary Instruments. The remaining counts of the Indictment will be dismissed at sentencing.

### Elements of the Offense

2. The elements of the offense are as follows:

   a. <u>Conspiracy to Launder Monetary Instruments</u>

   i. The defendant agreed with at least one other person to commit Money Laundering as charged in Count 7 of the Indictment;

   ii. At some point within the duration of the conspiracy, the defendant knew the purpose of the conspiracy and deliberately joined it; and

    iii. The defendant knew that the property to be laundered was derived from illegal activity.

### Maximum Penalties

3. The defendant understands that the maximum penalties for Count Seven is a fine of $500,000.00, a maximum term of 20 years imprisonment, or both, and not more than three (3) years supervised release.

4. The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5. Pursuant to Title 18, United States Code, Section 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Immigration Consequences

6. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

7. <u>Guideline Calculations</u>: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under Title 18, United States Code, Section 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level | 2S1.1(a)(1) | 8 |
| Controlled Substance Proceeds | 2S1.1(b)(1) | +6 |
| Conviction Under 18 U.S.C. § 1956 | 2S1.1(b)(2)(B) | +2 |
| Acceptance of Responsibility | 3E1.1(a) & (b) | <u>-3</u> |
| Total Adjusted Offense Level: | | 13 |

8. <u>Sentencing Range</u>: Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the defendant will be sentenced to 12 months and 1 day imprisonment if defendant's Criminal History Category is I.

9. The defendant may withdraw from the plea agreement if the defendant receives a sentence in excess of the 12 months and 1 day imprisonment. The government may withdraw from the plea agreement if the defendant received a sentence below 12 months and 1 day imprisonment or the defendant's Criminal History Category is higher than I.

10. If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines, any "departures" from the Sentencing Guidelines, or any variance under 18 U.S.C. §3553(a) in support of a sentence request below the stipulated ranges in this agreement, the government may withdraw from this agreement.

11. If there are any co-defendants in this case, this plea agreement is contingent upon the successful guilty pleas of all co-defendants. If any of the co-defendants do not plead guilty in this case, the government reserves the right to withdraw from the plea agreement.

1  12.  The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

13.  The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

14.  The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

15.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

### Forfeiture

16.  Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

### AGREEMENT AS TO FORFEITURE

a.  Defendant, Dania Celaya Rivera, agrees to the entry of a personal money judgment in the amount of $78,775 in U.S. currency, which represents the sum of

money involved in the conspiracy as to this defendant, to commit money laundering in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h).

      b.      Defendant agrees that pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 982(b), and Federal Rules of Criminal Procedure Rule 32.2(e)(1), the United States will seek forfeiture of any other property of said defendant up to the value of the money judgment, including but not limited to all property, both real and personal, owned by the defendant.

      c.      Defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the money judgment and waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

      d.      Defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

      e.      Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

      f.      Defendant knowingly and voluntarily agrees and understands the forfeiture of the assets listed above shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

   g. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.

   h. Defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment, is collected in full.

## Waiver of Defenses and Appeal Rights

17. The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is 12 months and 1 day imprisonment. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas

petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

18. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Plea Addendum

19. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis and Relevant Conduct

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

> From a time unknown until on or about April 12, 2016, at or near Tucson, in the District of Arizona, Dania Celaya RIVERA did knowingly conspire with Luis ACUNA and others to collect what she knew to be drug proceeds. RIVERA would collect U.S currency she knew were drug trafficking proceeds from members of the conspiracy and also received deposits from Charlotte and withdrew the money and provided it to Luis ACUNA in order to conceal and disguise the

nature, location, source, ownership, and control of the narcotics proceeds.

1/26/17 *(signature)* 
Date    DANIA CELAYA RIVERA
        Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

1/26/17 *(signature)*
Date    WANDA K. DAY
        Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
~~JOHN S. LEONARDO~~
Acting United States Attorney
District of Arizona

1/26/17 *(signature)*
Date    RYAN P. DEJOE
        Assistant U.S. Attorney

- 9 -